IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION<br>NO. 16-461 |
| DAVID HAISTEN,<br>JUDY HAISTEN | |

**PAPPERT, J.**                                                                    August 17, 2018

## MEMORANDUM

Despite repeated warnings from animal healthcare products companies and government regulatory agencies, David and Judy Haisten sold counterfeit products, pesticides and animal drugs on their own websites for over six years. As part of a fifteen count indictment, the Haistens were charged with one count of conspiracy to distribute unregistered pesticides and counterfeit goods in violation of 18 U.S.C. § 371, three counts of distributing unregistered pesticides in violation of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136j(a)(1)(A), three counts of distributing misbranded pesticides in violation of FIFRA, 7 U.S.C. § 136j(a)(1)(E), five counts of distributing misbranded drugs with the intent to defraud in violation of 21 U.S.C. § 331(a) and § 333(a)(2), and three counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a).

On October 24, 2017, after four days of trial, the jury found the Haistens guilty on all counts. (ECF Nos. 62 & 63.) On May 9, 2018, the Court sentenced Judy Haisten to 60 months and David Haisten to 78 months imprisonment. (ECF Nos. 90 & 91.) The Haistens were also each sentenced to 3 years of supervised release, a $575 special

1

assessment and $50,000 fine.  (ECF Nos. 90 & 91.)  Both sentences were well below their respective 108 to 135 month and 121 to 151 month Guidelines ranges, as calculated in their Pre-Sentence Reports.  (Judy Haisten Pre-Sentence Report at 22; David Haisten Pre-Sentence Report at 23).

On May 16, 2018, the Haistens filed notices of appeal.  (ECF Nos. 93 & 94.)  On July 4, 2018, they filed a motion for bail pending appeal with the Third Circuit Court of Appeals, which was denied on July 5 for failing to first seek relief from this Court.  The Haistens then jointly filed on July 13 a motion for bail pending appeal.  (Mot. for Bail, ECF No. 98.)  They contend they are entitled to bail for two reasons.  First, they argue that the Court did not allow David Haisten to testify about advice he received from his attorney.  (*Id.* at 3–4.)  Second, they claim that this case presents a substantial question of law because the Third Circuit Court of Appeals has yet to address what constitutes sufficient evidence for a violation of FIFRA.  (*Id.* at 4–5.)  Both arguments are meritless and the Court denies the motion.

I

The Bail Reform Act provides that the Court must detain a defendant found guilty and sentenced, unless the defendant proves:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for the purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985); *see also* 18 U.S.C. § 3143(b).  The defendant has the burden of proving each element.  *Miller*, 753 F.2d at 24.  A

substantial question is one that is "significant in addition to being novel, not governed by controlling precedent or fairly doubtful." *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986). The absence of controlling precedent, however, does not necessarily make a question substantial. *See id*. Rather, a question is substantial if the defendant can demonstrate that it is "fairly debatable" or "debatable among jurists of reason." *Id.* at 89 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

A

The Court is not concerned that the Haistens are likely to flee or that if released they would pose a danger to the community—notwithstanding their penchant for fraud. Similarly, the Court does not deny the motion for bail based on any delay that could be occasioned by their appeal. That appeal, however, will not raise a substantial question of law or fact and even if it would, and the question is determined favorably to the Haistens, such a decision is highly unlikely to result in a reversal of their convictions or an order for a new trial. Without citing to the trial record or pointing to any particular Court ruling before or during the trial, appellate counsel—who did not try the case—claims that the Court improperly excluded as hearsay testimony David Haisten wished to present about his belief that he was not subject to criminal liability after speaking with his attorney. (Mot. at 3–4.) They argue that such testimony would have shown that the Haistens lacked the requisite intent to violate federal law by relying on the advice of counsel. (*Id*. at 4.)

The jurors heard overwhelming evidence of the Haistens' guilt, including David Haisten's own testimony incriminating himself and his wife. Whatever the Haistens may claim their lawyer told them, the evidence showed that the Haistens knew that

3

what they were doing violated the law and they did it anyway. For instance, Ray Trotter of the South Carolina Board of Pharmacy testified that he conducted a controlled purchase of a prescription drug kit from the Haistens' website and later sent them a "cease and desist" letter. The letter warned the Haistens of potential civil and criminal penalties that could result from selling prescription drugs without a registration. David Haisten testified that he read that letter, but continued selling the drugs anyway. The Haistens also received cease and desist letters from Merial and Sergeant's Pet Products, producers of animal healthcare products that the Haistens were also illegally selling.

Leslie Godfrey, an investigator with the South Carolina Department of Pesticide Regulation, testified that she too informed the Haistens that selling prescription drugs without a registration was illegal. The Haistens' lawyer contacted Ms. Godfrey and requested that she send a letter explaining her position. Ms. Godfrey did so, but neither the Haistens nor their attorney ever responded. The Government also produced evidence that the Haistens used the personal identities of other people to create multiple eBay and PayPal accounts, and David Haisten even admitted that he used other identities to conceal his online activity.

The Haistens also believe that this case presents a substantial question of law because the Third Circuit has yet to address what constitutes sufficient evidence for a FIFRA violation. (Mot. at 4–5.) First of all, the fact that prosecutions for violations of a specific statute are relatively rare does not mean that the prosecution automatically creates a substantial question of law. More to the point however, the jurors saw and heard overwhelming evidence that the Haistens violated FIFRA. The Government was

required to prove beyond a reasonable doubt that they knowingly distributed or sold to any person a pesticide that was misbranded or not registered under the statute. *See* 7 U.S.C. §§ 136j(a)(1)(A), 136j(a)(1)(E). The Government did so, presenting evidence of the prescription drug kits sold by the Haistens, the warnings they repeatedly received and the companies, websites and identities they used to continue their illegal activity. That evidence was more than sufficient for the jurors to properly conclude that the Haistens violated FIFRA.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.