IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JUDY HAISTEN<br>DAVID HAISTEN | CRIMINAL ACTION<br>NO. 16-00461-1, 2 |

**PAPPERT, J.**                                                                                                          **May 19, 2020**

### MEMORANDUM

In October of 2017, a jury convicted Judy and David Haisten of conspiracy, distributing an unregistered and a misbranded pesticide, delivering misbranded animal drugs and trafficking in counterfeit goods. (Jury Verdict Form, ECF No. 63.) The Court sentenced Judy Haisten to sixty months' imprisonment and David Haisten to seventy-eight months' imprisonment. (Min. Entries, ECF Nos. 90 & 91.) The Haistens timely appealed their convictions, which the Third Circuit Court of Appeals affirmed. *See United States v. Haisten*, 790 F. App'x 374 (3d Cir. 2019) (unpublished).

The Haistens now each move for a new trial on the trafficking-in-counterfeit-goods charges, an evidentiary hearing, appointment of counsel and bail pending the new trial. *See* (Omnibus Mots., ECF Nos. 115 & 116). A new trial is merited, they say, because the government failed to prove at trial that they "knowingly used" counterfeit marks. (*Id.* at 3.) Indeed, the Haistens contend that they never knew the goods were counterfeit and that had they been aware of that, "they would have immediately stopped selling them." (*Id.* at 5.) As the government points out in its Response, however, the jurors saw and heard overwhelming evidence that the Haistens knew that the goods they were selling were counterfeit. *See* (Gov't Resp. 5, ECF No. 127).

The Haistens seek an evidentiary hearing so that their former lawyer may testify that he advised them that their conduct did not violate any laws. *See* (*id.* at 9–10). At this hearing, they would also "present testimony from an expert on Internet sales regarding counterfeit products." (*Id.* at 10.) To help with this endeavor, they ask the Court to appoint counsel to them under 18 U.S.C. § 3006A. *See* (*id.*) Until they can be retried, the Haistens request that they be released on bail given the "exceptional circumstance" of "rampant" sexual assault in prison. (*Id.* at 11–12.)

The Haistens' request for a new trial is untimely.1 A defendant ordinarily must move for a new trial "within 14 days after the verdict." Fed. R. Crim. P. 33(b)(2). But one "grounded on newly discovered evidence must be filed within 3 years after the verdict." *Id.* 33(b)(1). The Haistens point to no newly discovered evidence and filed their Motions long after the fourteen-day deadline. *See* (Omnibus Mots. 3–4). Even so, they argue that the Motions are timely under Rule 45, which permits an untimely motion "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). To excuse their neglect, the Haistens argue that *Rehaif v. United States*, 588 U.S. ----, 139 S. Ct. 2191 (2019), constituted a "significant intervening change in the law." (Omnibus Mots. 4.) *Rehaif* concerned statutory provisions that prohibited certain categories of individuals from possessing firearms and then punished those who "knowingly violate[d]" that prohibition. 139 S. Ct. at 2194. The Supreme Court read this language to require the government to prove that a defendant knew both that he possessed a firearm and that he fell into a category prohibiting that possession. *See id.*

---

1   To the extent that the Haistens could repackage some of their arguments into a collateral attack under 28 U.S.C. § 2255, *see, e.g.*, (Addendum to Omnibus Mots. ECF Nos. 119 & 120), the Court neither reaches the merits of these arguments nor considers the present Motions as petitions for *habeas corpus*, which might render a future petition subject to § 2255(h)'s requirements.

That reasoning is inapplicable to the statute prohibiting trafficking in counterfeit goods, which lacks a similar element that the government must prove the defendant was aware of in addition to knowingly using a counterfeit mark. *See* 18 U.S.C. § 2320(a)(1). Without *Rehaif* to rely on, the Haistens have nothing to excuse their two-and-a-half-year neglect. *Cf. United States v. Knight*, 700 F.3d 59, 64 (3d Cir. 2012).

The Haistens' requests for other relief are equally baseless. Because their request for a new trial is untimely, the Haistens have no need for an evidentiary hearing to show they are entitled to a new trial. The jurors heard and rejected much of what they want to say anyway. Nor is there cause to appoint an attorney to assist them in that untimely endeavor. And even putting timeliness aside, the Court lacks authority to release the Haistens on bail pending resolution of their request for a new trial. *Cf.* 18 U.S.C. § 3142 (allowing release for defendants pending trial); *id.* § 3143 (same for those pending sentencing or appeal); § 3145(c) (providing a separate avenue for defendants awaiting sentencing or appeal to seek release for "exceptional reasons").[2]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] The Haistens previously sought release from prison and to serve the remainder of their sentences on home confinement citing the COVID-19 pandemic. *See* (Emergency Mot. for Bail, ECF No. 121). The Court denied their request because they had not exhausted their remedies within the prison system. *See* (Mem. Denying Emergency Mot. for Bail 2–3, ECF No. 125) (citing *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020)).